### NARCISSA JENKS & others *vs.* WILLIAM B. MORGAN.

A boundary line, described in a deed of land as " a north and south line to be established two rods east of a black oak towards the northerly part of said lot, and a point of two rocks supposed to be south of the middle of said lot," is a straight line, and cannot be proved to be a crooked line by evidence of the acts of the parties establishing monuments upon the line.

ACTION OF TORT by the widow and heirs of Stephen Jenks for cutting trees on their land. Answer, soil and freehold in the defendant.

At the trial in the court of common pleas, before *Briggs*, J., the plaintiff gave in evidence a deed made in 1828 by Ephraim Fuller and Jonathan S. Fuller to William Knight, whose title Stephen Jenks afterwards acquired, of a tract of land in Wilbraham, bounded " easterly by said Fuller's land, by a north and south line to be established two rods east of a black oak marked,

toward the northerly part of said lot, and a point of two rocks forking, supposed to be south of the middle of said lot."

The only point ruled was thus stated in the defendant's bill of exceptions: "The defendant contended that if the parties Fuller and Knight, soon after the conveyance to Knight, established the monuments upon the line which he claimed as the true one, and that line had been acquiesced in by Jenks, and by Knight and Fuller, the call of the deed would be answered, although the line might have an angle in it. The judge instructed the jury that the east line, for its entire length, must be a straight line, to answer the call of the deed."

*W. G. Bates*, for the defendant.

*C. A. Winchester*, for the plaintiffs.

BIGELOW, J. The construction given to that part of the deed to William Knight which describes the easterly boundary of the plaintiff's close was clearly right. It is a well established rule of interpretation, that where a line is given in a deed, to be run from one landmark to another, it must be deemed to be a straight one, unless a different line is described in the deed. *Allen v. Kingsbury*, 16 Pick. 235. In the present case, the easterly boundary was not to be run by monuments to be erected by the parties, but it was to be established at a fixed and designated distance from the landmarks named in the deed, and was to run as a north and south line between the points thus named. It could not be deflected, consistently with this description, from a straight line between these points. Such being the legal construction of the deed, it could not be varied by the acts and conduct of the parties at the time of or subsequent to the date of the grant. *Exceptions overruled.*